THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| IHC HEALTH SYSTEMS INC. d/b/a/ LDS HOSPITAL ) | Case No. 2:05CV00344-DS |
| Plaintiff, ) | |
| vs. ) | MEMORANDUM OPINION AND ORDER ADDRESSING AMERICAN TRUST ADMINISTRATOR'S MOTION TO DISMISS |
| LABARGE TRUCKING COMPANY, INC., and AMERICAN TRUST ADMINISTRATORS, ) ) | |
| Defendants. ) | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

**I. INTRODUCTION**

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant American Trust Administrators ("American") moves to dismiss the claims filed against it by Plaintiff IHC Health Systems, Inc. ("IHC"). The relevant facts and allegations are these. From April 14, 2001 through May 7, 2001, IHC provided medical services to the dependant child of Vernon Setser, a LaBarge Trucking Company, Inc. ("LaBarge") employee and an alleged beneficiary under the LaBarge Employee Self Funded Medical Reimbursement Plan (the "Plan"). The Plan is alleged to be a qualified employee benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). American is a third party insurance administrator that contracted

with LaBarge to assist with it with the Plan. Pursuant to an assignment of benefits IHC was paid $14,822.24 of a total bill of $44,585.12. IHC claims that LaBarge and American have abused their discretion by refusing to authorize payment to it for services covered by the Plan.

## II. MOTION TO DISMISS STANDARD

When a motion to dismiss is filed, the burden is on the movant to prove that the non-movant can prove no set of facts in support of his claim which would entitle him to relief. Shoultz v. Monfort of Colorado, Inc., 754 F.2d 318 (10th Cir. 1985), cert. denied, 475 U.S. 1044 (1986); Conley v. Gibson, 355 U.S. 41 (1957). The court is to presume for purposes of considering the motion that all allegations by the non-movant are true and all reasonable inferences are made in favor of the non-movant. Lafoy v. HMO Colorado, 988 F.2d 97 (10th Cir. 1993); Miree v. DeKalb County, 433 U.S. 25 (1977). Legal conclusions, deductions, and opinions couched as facts are, however, not given such a presumption. Mitchell v. King, 537 F.2d 385 (10th Cir. 1976); Swanson v. Bixler, 750 F.2d 810 (10th Cir. 1984). The likelihood that the plaintiff may or may not prevail at trial is immaterial at the time of decision on a motion to dismiss. Boudeloche v. Grow Chem. Coatings Corp., 728 F.2d 759 (5th Cir. 1984).

### III. DISCUSSION

American contends that it "is not a proper party to this action as it is simply a third party administrator with authority to assist the Plan Administrator in applying rules determining eligibility for participation or benefits." Mot. at 1. It further asserts that it "neither funds the Plan, nor does it have final authority with respect to who is eligible for benefits under the Plan." Id. at 1-2. See Moore v. Berg Enterprises, Inc., 3 F. Supp. 2d 1245, 1248 (D. Utah 1998)(limiting claim to plan administrator or fiduciary).

American acknowledges that ERISA defines a fiduciary as one who "has any discretionary authority or discretionary responsibility in the administration of such plan." 11 U.S.C. § 1002(21)(A)(iii). IHC generally alleges in its complaint that American abused its discretion under the Plan by failing to pay IHC for its services. In response to American's Motion, for additional factual allegations supporting its claim imposing fiduciary liability upon American, IHC references specific provisions of the Service Agreement between LaBarge and American for servicing the

Plan.[1] When read in the context of the applicable standard of review, those provisions can be interpreted as supporting IHC's claims against American. Therefore, the Court agrees with IHC that American as the moving party has failed in its burden as outlined above.

---

[1] IHC, in essence, adopts the position of LaBarge taken in support of its Cross-Claim and which relies on the following provisions of Section I. A of the Service Agreement between LaBarge and American wherein American agreed:

> 1. To advise [LaBarge] and its covered employees as to the benefits available under the Plan and to advise {LaBarge] as to the reimbursements available under the Excess Loss Coverage;
> . . .
> 6. To review all claims for health benefits submitted by employees or their dependents and investigate such claims and the eligibility of such persons for benefits, in accordance with the terms of the Plan. In reviewing claims, "reasonable and customary" charges shall be determined in accordance with the guidelines and data customarily used by [American] for all plans for which it provides claims service;
> . . .
> 8. To make disbursements on behalf of [LaBarge] from the PLAN BENEFIT ACCOUNT to covered employees or their dependents for covered health benefits due to them under the terms of the Plan. If a claimant is not entitled to benefits under the terms of the Plan, the claim will be denied in writing by [American];
> 9. To review denied claims pursuant to the Plan's appeal procedure and make disbursements on behalf of [LaBarge] to covered employees or their dependents for such appealed claims if such payments are due in accordance with the terms of the Plan;

See also LaBarge Mem. Opp'n to Mot. Dis. at 2-5, and Ex. 1 to Am. Cross-Cl.

### IV. CONCLUSION

For the foregoing reasons, American's Motion to Dismiss is **DENIED**.

**IT IS SO ORDERED.**

DATED this 16th day of September, 2005.

BY THE COURT:

_____
DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT