FILED
CLERK, U.S. DISTRICT COURT
2005 SEP 16 P 3: 14
DISTRICT OF UTAH
BY:_____
DEPUTY CLERK

THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

* * * * * * * * * * * * * * * * * * * * * * * *
*

| | | |
|---|---|---|
| IHC HEALTH SYSTEMS INC. d/b/a/ LDS HOSPITAL | ) | Case No. 2:05CV00344 DS |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM OPINION AND ORDER ADDRESSING MOTIONS TO DISMISS CROSS-CLAIM AND AMENDED CROSS-CLAIM |
| LABARGE TRUCKING COMPANY, INC., and AMERICAN TRUST ADMINISTRATORS, | ) ) | |
| Defendants. | ) | |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

## I. INTRODUCTION

Defendant American Trust Administrators ("American") moves the Court to dismiss the Cross-Claim and Amended Cross-Claim filed against it by LaBarge Trucking Company, Inc.("LaBarge"). The relevant facts and allegations are as follows. From April 14, 2001 through May 7, 2001, IHC Health Systems, Inc. ("IHC") provided medical services to the dependent child of Vernon Setser, a LaBarge employee and an alleged beneficiary under the LaBarge Self-Funded Medical Reimbursement Plan (the "Plan"). The Plan is alleged to be a qualified employee benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). American is a third party insurance administrator

that contracted with LaBarge to assist it with the Plan. Pursuant to an assignment of benefits IHC was paid $14,822.24 of a total bill of $44,585.12.  IHC claims that LaBarge and American have abused their discretion by refusing to authorize payment to it for services covered by the Plan.  LaBarge's initial Cross-Claim against American asserted claims for negligence and breach of contract.  In response to American's Motion to Dismiss on the grounds that those claims are preempted by ERISA, LaBarge filed an Amended Cross-Claim against American claiming breach of fiduciary duty.

## II. MOTION TO DISMISS STANDARD

When a motion to dismiss is filed, the burden is on the movant to prove that the non-movant can prove no set of facts in support of his claim which would entitle him to relief.  Shoultz v. Monfort of Colorado, Inc., 754 F.2d 318 (10th Cir. 1985), cert. denied, 475 U.S. 1044 (1986); Conley v. Gibson, 355 U.S. 41 (1957).  The court is to presume for purposes of considering the motion that all allegations by the non-movant are true and all reasonable inferences are made in favor of the non-movant.  Lafoy v. HMO Colorado, 988 F.2d 97 (10th Cir. 1993); Miree v. DeKalb County, 433 U.S. 25 (1977).  Legal conclusions, deductions, and opinions couched as facts are, however, not given such a presumption.  Mitchell v. King, 537 F.2d 385 (10th Cir. 1976);

Swanson v. Bixler, 750 F.2d 810 (10th Cir. 1984). The likelihood that the plaintiff may or may not prevail at trial is immaterial at the time of decision on a motion to dismiss. Boudeloche v. Grow Chem. Coatings Corp., 728 F.2d 759 (5th Cir. 1984).

### III. DISCUSSION

As noted, in response to American's initial Motion to Dismiss, LaBarge filed an Amended Cross-Claim complaining of American's breach of fiduciary duty. American in turn filed a Motion to Dismiss LaBarge's Amended Cross-Claim on the ground that it is not a Plan fiduciary as a matter of law.

Because LaBarge has filed an Amended Cross-Claim which appears to address the issues raised by American in its initial Motion to Dismiss, that Motion appears to be moot and is denied as such. As for the Motion to Dismiss the Amended Cross-Claim, LaBarge has cited specific provisions of the Service Agreement between it and American, which when viewed in the context of the relevant standard of review can be interpreted as supporting LaBarge's Cross-Claim against American.[1] Accordingly, the Court

---

[1] In Section I. A of the Service Agreement between LaBarge and American, American agreed:

> 1. To advise [LaBarge] and its covered employees as to the benefits available under the Plan and to advise [LaBarge] as to the reimbursements available under the Excess Loss Coverage;

concludes that American as the moving party has failed to satisfy its burden as set forth above.

### IV. CONCLUSION

For the reasons stated, American's Motion to Dismiss LaBrage's Cross-Claim and its Motion to Dismiss LaBarge's Amended Cross-Claim are **DENIED**.

**IT IS SO ORDERED.**

DATED this 16^T day of September, 2005.

BY THE COURT:

David Sam

DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

...
6. To review all claims for health benefits submitted by employees or their dependents and investigate such claims and the eligibility of such persons for benefits, in accordance with the terms of the Plan. In reviewing claims, "reasonable and customary" charges shall be determined in accordance with the guidelines and data customarily used by [American] for all plans for which it provides claims service;
...
8. To make disbursements on behalf of [LaBarge] from the PLAN BENEFIT ACCOUNT to covered employees or their dependents for covered health benefits due to them under the terms of the Plan. If a claimant is not entitled to benefits under the terms of the Plan, the claim will be denied in writing by [American];
9. To review denied claims pursuant to the Plan's appeal procedure and make disbursements on behalf of [LaBarge] to covered employees or their dependents for such appealed claims if such payments are due in accordance with the terms of the Plan;